UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAY E. MICHAEL, | : Case No. 3:10-cv-187 |
| Plaintiff, | : Judge Timothy S. Black |
| | : Magistrate Judge Sharon L. Ovington |
| vs. | : |
| VELOX TRUCKING, INC., *et al.*, | : |
| Defendants. | : |

### DECISION AND ENTRY: GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 18) AND DENYING PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 22)

This case is presently before the Court on Defendants' Motion for Partial Summary Judgment and Plaintiff's Cross-Motion for Partial Summary Judgment. (Docs. 18, 22). The issue presented in the Cross-Motions is whether Heidi Callaway was legally married to Thomas Callaway, at the time of his death. The parties have fully briefed the Motions (Docs. 18, 22, 23, 24, 25, 26), and the matter is now ripe for decision.

### I. FACTS

The material facts relating to the Motions are not disputed. Plaintiff brings this wrongful death action pursuant to Ohio Rev. Code § 2125.01, *et seq.*, as the Administrator of the Estate of Thomas W. Callaway, who died on March 21, 2010, following a motor vehicle accident in Ohio. (Doc. 2). The Complaint alleges that Heidi Callaway is entitled to recover benefits as a beneficiary under Ohio's wrongful death statute because she was married to Thomas Callaway at the time of his death. (Doc. 2).

Thomas Callaway married <u>Deborah</u> Callaway in October of 1993, and the couple had two children during the course of their marriage. Debrorah and Thomas separated in April 2002, were later divorced in September 2002, but remarried less than a year later on March 27, 2003. During the course of the second marriage, Thomas left Georgia permanently and began living full-time in Ohio. Thereafter, Deborah filed for divorce in the Superior Court of Newton County, Georgia. Judge Eugene Benton signed the Final Judgment and Decree ("divorce decree") in that divorce proceeding on October 31, 2008, and later filed with the Newton County Clerk of Courts on November 17, 2008.[1]

On October 30, 2008, before the divorce decree was signed, and 17 days before it was filed with the clerk of courts, Thomas Callaway attempted to marry Heidi Callaway in Gatlinburg, Tennessee. However, Defendants argue that Thomas Callaway was still legally married to Deborah Callaway on that date because the divorce decree was not yet filed with the clerk of courts, nor even yet signed by the presiding judge. Therefore, Defendants argue that Heidi Callaway was never legally married to Thomas Callaway, that their purported marriage was void *ab initio*, and thus, Heidi Callaway is not a beneficiary of Thomas Callaway's estate.

---

[1] In Georgia, a final judgment and decree of divorce is not "effective for any purpose until entry of the same . . ." *Beard v. Beard*, 285 Ga. 675, 681 S.E.2d 138 (Ga. 2009) (citing Ga. Code Ann. § 9-11-58(b)). In *Beard*, a couple married in 1992, and husband filed for divorce in 1996. A final judgment and decree of divorce was signed by the Court in January 1996, but was not filed. *Id.* Thereafter, the couple attempted to remarry in February 1996. *Id.* Eventually, in 2003, the 1996 final judgment and decree of divorce was filed. *Id.* In 2006, the wife filed for divorce and the husband moved to dismiss the complaint. *Id.* The Supreme Court of Georgia held that "there was no existing marriage that could be the subject of a divorce action" because "[t]he 1992 marriage had already been dissolved by the 2003 order of divorce, and no valid marriage could be entered into in 1996." *Id.* Further, the court held that "it was not until the . . . 2003 filing in the clerk's office that the divorce decree became a final, effective judgment; prior to that date, it had no effect." *Id.*

-2-

Plaintiff argues, however, that the Court should liberally construe the meaning of the term "spouse" under Ohio's wrongful death statutes and determine that Heidi Callaway was Thomas Callaway's spouse at the time of his death.

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).

"Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment - rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.* Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

## III. ANALYSIS

Defendants argue that Heidi Callaway was never legally married to Thomas Callaway, and, therefore, is not a beneficiary entitled to recover under Ohio's wrongful death statutes, Ohio Revised Code ("O.R.C.") § 2125.01, *et seq*. Plaintiff's sole argument in response is that the term "spouse" in O.R.C. § 2125.02 should be liberally construed in her favor "even though their marriage may be technically deficient." Plaintiff argues that the reasoning set forth by the Supreme Court of Ohio in the case of *Lawson v. Atwood*, 42 Ohio St.3d 69, 536 N.E.2d 1167 (Ohio 1989), should be extended to the circumstances of this case. (Doc. 22).

Ohio provides a civil action for wrongful death. O.R.C. §2125.01. Such an action "shall be brought . . . for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent." O.R.C. § 2125.02(A)(1).

Plaintiff does not dispute the fact that Heidi Callaway's purported marriage to decedent is void. In Ohio, "'[i]t is well settled that the validity of a marriage must be determined from the lex loci contractus." *Mazzolini v. Mazzolini*, 168 Ohio St. 357, 155 N.E.2d 206 (Ohio 1958). Thus, if a marriage is "valid where solemnized, it is valid elsewhere; if invalid there, it is invalid everywhere." *Id*. (citing *McDowell v. Sapp*, 39 Ohio St. 558, 560 (Ohio 1883)). Here, Heidi Callaway and Thomas Callaway attempted

to solemnize their marriage in the state of Tennessee days before Thomas Callaway's marriage to Deborah Callaway was dissolved in Georgia.

Pursuant to the statutory law in Tennessee, "[a] second marriage cannot be contracted before dissolution of the first." Tenn.Code Ann. § 36-3-102. "Because bigamous marriages are prohibited by statute, such marriages are void from the beginning" and violate the public policy of Tennessee. *Guzman v. Alvares*, 205 S.W.3d 375, 381 (Tenn. 2006); *see also Emmit v. Emmit*, 174 S.W.3d 248, 251 (Tenn.Ct.App. 2005). Thus, "[t]he parties to a bigamous marriage stand in the same relationship as if the subsequent marriage never occurred." *Id*. (citing *Brewer v. Miller*, 673 S.W.2d 530, 532 (Tenn.Ct.App.1984). Further, a bigamous marriage cannot be subsequently ratified by the removal of the impediment, *i.e.*, the dissolution of the first marriage. *Id*. (citing *Emmit*, 174 S.W.3d at 251); *Bryant v. Townsend*, 221 S.W.2d 949, 951 (Tenn. 1949).

In Ohio, the law regarding the validity of a bigamous marriage is no different than the law of the state of Tennessee. *See Johnson v. Wolford*, 117 Ohio St. 136 157 N.E. 385 (Ohio 1927); *Smith v. Smith*, 5 Ohio St. 32 (Ohio 1855); *Darling v. Darling*, 44 Ohio App.2d 5, 7, 335 N.E.2d 708 (Ohio App. 1975) (stating that "[a] bigamous marriage is void ab initio and of no legal purpose" and that "[o]ne who is already married has no capacity to enter into another marriage contract, either ceremonial or common law").

In *Johnson*, however, the Supreme Court of Ohio held in 1927 that a bigamous ceremonial marriage, entered into in good faith and without knowledge or belief of the continued existence of the prior marriage, could be ratified upon subsequent termination

of the first marriage provided "the parties (to the subsequent marriage) cohabited before and after the removal of the impediment[.]" *Johnson*, 117 Ohio St. 136. Such ratification made the second marriage valid under common law principles. *Id.* However, common law marriage was abolished in Ohio "[o]n and after October 10, 1991" except in limited circumstances not applicable in this case. O.R.C. § 3105.12(B). Thus, *Johnson* does not apply in this case.

Nevertheless, Plaintiff argues that the Court should extend the holding of *Lawson*, 42 Ohio St.3d at 69, and liberally construe the term "spouse" to include spouses of bigamous marriages in certain circumstances. Certainly, "R.C. 2125.02 is a remedial law and so must be construed to promote the objectives of the Act and to assist the parties in obtaining justice." *Lawson*, 42 Ohio St.3d at 70. Further, there are three objectives to Ohio's wrongful death statutes: "(1) to compensate those who have been deprived of a relationship, (2) to ensure that tortfeasors bear the cost of wrongful acts, and (3) to deter harmful conduct which may result in death." *Id.* (citations omitted).

In *Lawson*, the Supreme Court of Ohio considered whether "one who is neither a natural or adoptive parent" could recover under Ohio's wrongful death statute. *Id.* at 69. The Supreme Court of Ohio held that:

> such a claim will lie only where the following four tests are met by clear and convincing evidence:
>
> (1) The natural parents of the child have disclaimed or abandoned parental rights to the child;

-6-

    (2)    The one claiming to be parent has performed the obligations of parenthood for a substantial period of time;

    (3)    The child and the one claiming to be parent have held themselves out to be parent and child for a substantial period of time; and

    (4)    The relationship between the child and the one claiming to be parent has been publicly recognized.

*Id.*

Here, Plaintiff seeks to extend the tests in *Lawson* to this case and requests that the Court find that Heidi Callaway is a "spouse" as used in O.R.C. § 2125.02 because: (1) Thomas Callaway's first spouse "disclaimed or abandoned" their marriage by seeking and obtaining a divorce; (2) Heidi Callaway "performed the obligations of [marriage] for a substantial period of time[;]" (3) Heidi and Thomas Callaway "held themselves out to be" husband and wife "for a substantial period of time[;]" and (4) Heidi and Thomas Callaway's purported marriage was "publicly recognized." Plaintiff contends that by seeking to extend the holding of *Lawson*, he "is not attempting to create a common law marriage between Thomas and Heidi Callaway[.]"

Unfortunately, Plaintiff points to no Ohio case extending the holding of *Lawson* to the definition of "spouse" in O.R.C. § 2125.02. In fact, one Ohio court expressly rejected the argument that a putative spouse is entitled to recover under O.R.C. § 2125.02. *Mitchell v. Cleveland Electric Illuminating Co.*, Nos. 49557, 49558, 49595, 49596, 1986 WL 1719, at *1-3 (Ohio App. Feb. 6, 1986).

Further, in the view of this Court, and despite Plaintiff's insistence that he does not seek "to create a common law marriage between Thomas and Heidi Callaway," the factors advanced by Plaintiff are essentially the same factors Ohio courts considered in determining the existence of a valid common law marriage. See *Nestor v. Nestor*, 15 Ohio St.3d 143, 472 N.E.2d 1091 (Ohio 1984) (stating that the necessary elements of a common law marriage are "[a]n agreement of marriage in praesenti when made by parties competent to contract, accompanied and followed by cohabitation as husband and wife, they being so treated and reputed in the community and circle in which they move"). Again, Ohio abolished common law marriage in 1991. O.R.C. §3105.12(B).

Accordingly, the Court determines that Heidi Callaway is not a "spouse" under Ohio's wrongful death statute, O.R.C. § 2125.02(B).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment (Doc. 18) is **GRANTED**. Plaintiff's Motion for Partial Summary Judgment (Doc. 22) is **DENIED**.

**IT IS SO ORDERED**.

Date: 12/23/10

Timothy S. Black
United States District Judge