UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAY E. MICHAEL, | Case No. 3:10-cv-187 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| VELOX TRUCKING, INC., *et al.*, | |
| Defendants. | |

# DECISION AND ENTRY DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH REGARD TO CLAIMS OF NEGLIGENCE AND GRANTING IT WITH REGARD TO PUNITIVE DAMAGES (Doc. 38)

This case is before the Court on Defendants' Motion for Summary Judgment. (Doc. 38). Plaintiff filed a Memorandum Contra Defendant's Motion. (Doc. 42). Thereafter, Defendants filed a Reply Brief in Support of their Motion for Summary Judgment. (Doc. 43). The Motion is now ripe for decision by the Court.

## I. FACTS

This wrongful death action arises out of an automobile accident that occurred at 2:18 p.m. on March 21, 2010, a sunny Sunday afternoon. The accident occurred when Plaintiff's decedent, Thomas W. Callaway ("Callaway"), drove into the rear of a white tractor-trailer operated by Defendant Senad Basic ("Basic") while Basic was working within the course and scope of his employment with Defendant Velox Trucking.

Before the collision, Basic was driving eastbound on Interstate 70. (Doc. 36-1). While driving, Basic heard an unusual noise which he believed, based on his past experience, sounded similar to a blown tire or a blown axle airbag on his trailer. (*Id.*)

Concerned and in an panic, Basic stopped his truck towards the end of the entrance ramp from U.S. 40 to Interstate 70. (*Id.*) Upon stopping, most of Basic's tractor trailer remained in the roadway. (Doc. 36). According to Ohio State Highway Patrol Trooper Timothy Bullock, Basic's tractor-trailer was parked "in the entire lane of travel" on the entrance ramp. (Doc. 37-1).

After stopping his tractor-trailer in the traveled portion of the entrance ramp, Basic exited the cab of his truck to inspect the exterior and to determine the cause of the noise. (Doc. 36-1). When checking the exterior of the tractor-trailer, Basic discovered a bird lodged in the front grill of the tractor and removed it with his hand. (*Id.*) Upon completing the exterior inspection and finding no other problems with the tractor-trailer, Basic returned to the cab of his truck. (*Id.*) Basic estimates that he was out of his truck for approximately one minute. (Docs. 39, 42-1).

Around this time, Callaway drove on the entrance ramp in an effort to merge onto Interstate 70 eastbound. Ohio State Highway Patrol Trooper Timothy Bullock estimated that Basic's tractor-trailer was first visible to those on the entrance ramp approximately 300-400 feet back. (Doc. 37-1). Nevertheless, Callaway, traveling approximately 50 to 60 miles per hour, without slowing, braking or engaging in any evasive driving action, drove into the rear of Basic's trailer.[1] (Doc. 37-1). Callaway died from the collision.

---

[1] The parties dispute whether the four-way flashers on Basic's tractor trailer were illuminated immediately before impact. A report from the Ohio Bureau of Criminal Identification and Investigation determined that the filaments of the rear lights of the trailer were illuminated at the time of impact. (Doc. 38-2). According to Paul Olson, Ph.D., that report is indeterminate as to whether the four-way flashers on Basic's tractor-trailer were illuminated at the time of the impact. (Doc. 32-2). Further, an eyewitness to the accident, Brooke Buirley, who was driving on Interstate 70 at the time of the accident, testified that she did not "observe any lights flashing on the back of [Basic's] tractor-trailer[.]" (Doc. 40-1).

Plaintiff brings this wrongful death action pursuant to Ohio Rev. Code § 2125.01, *et seq.*, as the Administrator of Callaway's Estate and for the benefit of Callaway's survivors. (Doc. 2). Plaintiff asserts claims of negligence and negligence per se against Basic and claims of negligent hiring and training against Velox Trucking. (*Id.*) Plaintiff also seeks to recover punitive damages against Defendants. Defendants move for summary judgment on all claims including the prayer for punitive damages. (Doc. 38).

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).

"Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment - rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]"

*Viergutz v. Lucent Technologies, Inc.*, 375 Fed. Appx. 482, 485 (6th Cir. 2010) (citing Fed. R. Civ. P. 56(e)(2)). Instead, the party opposing summary judgment "must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." *Id*. (citing Fed. R. Civ. P. 56(e)(2)).

### III. ANALYSIS

#### A. Negligence Claims

Defendants move for summary judgment on all negligence claims asserted by Plaintiff. Defendants argues that, even assuming Basic was negligent in parking his tractor-trailer in the traveled portions of the entrance ramp from U.S. 40 to Interstate 70, reasonable jurors could only conclude that Plaintiff's negligence in failing to maintain an assured clear distance is the sole direct proximate cause of the accident. In response, Plaintiff points to Basic's alleged negligence in parking his tractor-trailer on the traveled portion of the entrance ramp and argues that material issues of fact remain regarding proximate cause, and that proximate cause is ultimately an issue for the jury.

Plaintiff admits that Callaway was negligent for failing to maintain an assured clear distance ahead, in violation of Ohio Rev. Code § 4511.21(A).[2] (Docs. 39, 42-1). However, a finding of negligence *per se* does not equate to liability as a matter of law. *Hitchens v. Hahn*, 17 Ohio St.3d 212, 478 N.E.2d 797, 799 (Ohio 1985) (stating that "[i]t is ... well-settled that '[n]egligence per se does not equal liability per se'") (citing

---

[2] The assured clear distance ahead statute provides that "no person shall drive any motor vehicle ... in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." Ohio Rev. Code § 4511.21(A).

-4-

*Merchants Mut. Ins. Co. v. Baker*, 15 Ohio St.3d 316, 318, 473 N.E.2d 827 (Ohio 1984)). In other words, a finding of negligence per se "does not mean that [such] negligence was the sole proximate cause, or even a proximate cause, of the collision." *Smiddy v. The Wedding Party*, 30 Ohio St.3d 35, 40, 506 N.E.2d 212 (Ohio 1987).

Aside from Callaway's negligence, Plaintiff asserts that Basic was also negligent in violating Ohio Rev. Code § 4511.66, which provides that:

> Upon any highway outside a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway if it is practicable to stop, park, or so leave such vehicle off the paved or main traveled part of said highway. In every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles, and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway.
>
> This section does not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving the disabled vehicle in such position.

Ohio Rev. Code § 4511.66(A) "is a highway safety statute" which "does not provide for an absolute prohibition against stopping, parking, or leaving a vehicle standing on the traveled portion of a highway." *Smiddy*, 30 Ohio St.3d at 37-38. Instead, one violates Ohio Rev. Code § 4511.66(A) "only if it is practicable to stop, park, or leave the vehicle off the traveled portion of the highway." *Id.* at 38.

Here, there is evidence that Basic parked his tractor-trailer on the traveled portion of the on-ramp from U.S. 40 to Interstate 70. (Doc. 36-1). There is evidence that Basic's tractor-trailer was not disabled, was operable, and that Basic could have parked

-5-

completely off the traveled portion of the road. For purposes of summary judgment, Defendant appears to not contest the existence of genuine issues of material fact regarding Basic's alleged negligence, and the Court concludes that, at minimum, an issue of fact remains.

Nevertheless, Defendants' main contention is that, even assuming Basic was negligent, such negligence was not the proximate cause the accident. Generally, issues of proximate cause and comparative negligence are jury issues unless reasonable minds cannot "differ on the conclusions to be drawn from the evidence on those issues." *Lawrence v. Toledo Terminal R.R. Co.*, 154 Ohio St. 335, 96 N.E.2d 7 (Ohio 1950). Here, Defendants argue that Callaway's negligence broke the chain of causation and that no rational finder of fact could conclude that Callaway's negligence was the sole cause of the accident. The Court disagrees.

Of the cases cited by the parties, the Court finds *Smiddy* most applicable, if not controlling. *Smiddy*, 30 Ohio St.3d at 35. There, decedent rear-ended defendant's disabled van that was stopped in the traveled portion of Interstate 75. *Id.* In the subsequent wrongful death suit, the Supreme Court of Ohio held that, despite decedent's negligence per se, defendant was not entitled to summary judgment because issues of fact remained as to whether defendant violated Ohio Rev. Code § 4511.66[3] and whether any such negligence was a proximate cause of the accident. *Id.* at 37-40. The court also found

---

[3] There was also an issue of fact as to whether defendant was negligent in failing to place flags on the roadway to alert motorists of his disabled vehicle, and whether any such negligence was a proximate cause of the accident. *Smiddy*, 30 Ohio St.3d at 37, 40.

-6-

that "the issue of comparative negligence [was] for the jury if it finds that [defendant] was negligent and that the negligence of both [defendant] and [decedent] were proximate causes of the accident." *Id.* at 40.

In addition to *Smiddy*, the Court finds that the case of *Pleimann v. Coots*, No. 2002-CA-54, 2003 WL 164815 (Ohio App. Jan. 24, 2003) is most factually similar to this case and legally persuasive. In *Pleimann*, plaintiff's car struck the rear of an operable tractor-trailer that was parked in the left westbound lane of a highway. *Pleimann*, 2003 WL 164815, at *1. The accident occurred "on a clear, sunny day" and despite plaintiff having had an "unobstructed view of the roadway for almost 900 feet" before striking the rear of defendant's trailer. *Id.* Just as here, plaintiff was negligent per se for failing to maintain an assured clear distance and issues of fact remained as to whether defendant violated Ohio Rev. Code § 4511.66 by parking an operable tractor-trailer in the roadway.

Just as here, defendant in *Pleimann* argued that, even assuming negligence on his part, "his actions or omissions did not proximately cause the accident." *Id.* at *6. There, the court of appeals concluded that summary judgment in favor of defendant was error because issues remained as to whether the accident resulted from the negligence of plaintiff, defendant, "or both." *Id.* at *7.

In this case, unlike *Pleimann*, Callaway had 300-400 feet to observe Basic's trailer before striking it, whereas plaintiff in *Pleimann* had 900 feet to observe the parked trailer. Further, unlike *Pleimann*, Basic parked his tractor-trailer at the end of an entrance ramp to a major interstate highway, as opposed to defendant in *Pleimann* who merely blocked one

-7-

lane of a multi-lane road. The Court believes that the location of Basic's truck in this case is a critical fact because, as Sergeant Bush of the Ohio State Highway Patrol explained:

> the entrance ramp [to an interstate] itself is one of the most dangerous places that you could even park a vehicle because people are trying to enter the interstate at 65 miles an hour. That's the speed limit. People are going faster now. But when you do that, that's one time that you're actually required to look in your mirror, to look over your shoulder and take your attention away from actually where you're heading to try to enter a lane of traffic.

(Doc. 10). If issues of fact regarding proximate cause remained in *Pleimann*, such issues certainly remain in this case.

Thus, the Court concludes that reasonable minds could differ as to whether Plaintiff's negligence caused the accident, whether Basic's alleged negligence caused the accident, or both. As a result, under the facts and circumstance of this case, the Court concludes that issues of fact remain regarding causation, and possibly comparative negligence, and such issues are best decided by the jury. Accordingly, Defendants' Motion for Summary Judgment is **DENIED** with regard to Plaintiff's negligence claims.[4]

### B. Punitive Damages

Finally, Defendants move for summary judgment on Plaintiff's prayer for punitive damages. Insofar as Defendants seek summary judgment based on the contention that Callaway's negligence was the sole proximate cause of the accident, for the reasons set forth above, the Court declines to grant the Motion in that regard.

---

[4] Defendants also move for summary judgment on Plaintiff's claims of *respondeat superior* and negligent hiring/training based solely on the assertion that "[t]he negligence of Mr. Callaway is the direct and proximate cause of Mr. Callaway's death." (Doc. 38). For all the reasons stated above, the Court also denies Defendants' Motion in this regard.

-8-

Defendants also assert that there is no evidence that Basic acted with actual malice or that Velox Trucking could be subject to punitive damages. Plaintiff concedes that there is insufficient evidence to support a punitive damages claim against Velox Trucking, and as a result, the Court **GRANTS** Defendants' Motion to that extent. However, with regard to Basic, Plaintiff maintains that Basic's act of parking his operable tractor-trailer at the end of the entrance ramp on Interstate 70, thereby blocking the lane of travel, amounts to actual malice in that Basic consciously disregarded a risk of substantial injury to motorists on the entrance ramp.

A plaintiff can recover punitive damages in a tort case upon showing actual malice. *Creech v. Brock & Assoc. Constr.*, 183 Ohio App.3d 711, 717-18, 918 N.E.2d 541 (Ohio App. 2009) (citing *Preston v. All Vinyl Fence & Decks, Inc.*, No.2008–T–0015, 2008 WL 5428817 (Ohio App. Dec. 31, 2008); Ohio Rev. Code § 2315.21. Here, Plaintiff seeks to prove actual malice by showing that Basic displayed "a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174 (Ohio 1987).

In determining whether one acted with conscious disregard, the Court:

> "must review the evidence to determine if reasonable minds can differ as to whether the party was aware his or her act had a great probability of causing substantial harm," and whether sufficient evidence was presented "that the party consciously disregarded the injured party's rights or safety."

*Touhey v. Ed's Tree & Turf, LLC*, No. CA2010-11-026, 2011 WL 2672236 at *4 (Ohio App. Jul. 11, 2011) (citing *Preston*, 32 Ohio St.3d at 335; *Malone v. Courtyard by Marriott L.P.*, 74 Ohio St.3d 440, 659 N.E.2d 1242 (Ohio 1996)). Further, a conscious

-9-

disregard showing requires "conduct resulting from a mental state so callous in its disregard for the rights and safety of others that society deems it intolerable." *Calmes v. Goodyear Tire & Rubber Co.*, 61 Ohio St.3d 470, 473, 575 N.E.2d 416 (Ohio 1991).

Here, the Court concludes that reasonable minds could not conclude that Basic's conduct rose to the level of conscious disregard, *i.e.*, "a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston*, 32 Ohio St.3d at 334. Upon hearing an unusual noise, Basic, in a panic, immediately pulled the tractor-trailer to the side of the interstate. (Doc. 36-1). In Basic's experience as a truck driver, similar unusual noises were associated with blown tires or blown airbags on the trailer. (*Id.*) While Basic's truck was operable, handled no differently than before he heard the noise, and was capable of being safely removed from the interstate at a further location, Basic stopped immediately at the bottom of the entrance ramp from U.S. 40 to Interstate 70. (Docs. 36-1; 34-1)

While Basic was aware of the entrance ramp and that his tractor-trailer blocked the roadway, he believed that he left a sufficient lane for motorists to pass. (*Id.*) Further, after stopping and being aware that his truck was stopped in the lane of travel, Basic saw that the entrance ramp was clear, traffic was light, and believing that his stop would involve only a "quick inspection," Basic "thought it was okay." (*Id.*) Notwithstanding the disputed issue of whether Basic engaged his four-way flashers, it was a clear, sunny day and motorists on the ramp had a clear view of the tractor-trailer from approximately 300-400 feet away; albeit at a point where motorists are extremely vulnerable because their

attention is required not only to the front of them, but to the side and rear of their vehicle while attempting to merge onto the interstate.

In such situations, while the harm that could result, and did result, is substantial, given the other circumstances set forth above, the Court concludes that the probability that substantial harm would result was not so great that reasonable minds could find actual malice on the part of Basic. *See Alleman v. YRC*, No. 1:09 CV 1356, --- F.Supp.2d ---, 2011 WL 1376689 at *4-6 (N.D. Ohio Apr. 12, 2011) (concluding that "[b]eing aware of the dangers . . . does not establish conscious wrongdoing, which requires more than knowledge of the possibility or probability that harm may occur from a reckless act"). Further, in light of Basic's undisputed mental state at the time of stopping, the Court concludes as a matter of law that Basic did not act so callously that society would deem it intolerable.

Accordingly, in light of all of the foregoing, Defendants' Motion for Summary Judgment is **GRANTED** with regard to punitive damages.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 38) is **DENIED** with regard to Plaintiff's claims of negligence and **GRANTED** as to punitive damages.

**IT IS SO ORDERED.**

Date: 10/11/11

Timothy S. Black
United States District Judge

-11-